Jiang v. Holder
BIA
Weisel, IJ
A087 441 504

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twelve.

PRESENT:
    ROSEMARY S. POOLER,
    RICHARD C. WESLEY,
    GERARD E. LYNCH,
        Circuit Judges.
_____

MING FEI JIANG,
        *Petitioner*,

    v.                                    11-2802
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael
                       Brown, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Anthony W. Norwood, Senior
                       Litigation Counsel; Colin J. Tucker,
                       Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Fei Jiang, a native and citizen of China, seeks review of a June 27, 2011, order of the BIA, affirming a January 26, 2010, decision of Immigration Judge ("IJ") Robert Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Fei Jiang*, No. A087 441 504 (B.I.A. June 27, 2011), *aff'g* No. A087 441 504 (Immig. Ct. N.Y. City Jan. 26, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the Board's reasoning "closely tracks" the IJ's, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The agency's findings of fact, including credibility determinations, are reviewed under the substantial evidence standard, *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009), and "are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Because this application is governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).

Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence. In finding Jiang not credible, the agency reasonably relied on the inconsistency between his testimony and asylum application concerning his knowledge of Falun Gong while in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As the agency noted, Jiang's testimony that he had little, if any, understanding of Falun Gong while in China contradicted statements in his asylum application. In his asylum application, he stated that while in China, he had publically lectured individuals about what Falun Gong is and the truth about why the Chinese government suppresses Falun

3

Gong; he also stated that he had only begun to support Falun Gong after he understood what Falun Gong was.  Although Jiang takes issue with the agency's interpretation of his asylum application as reflecting a deeper understanding of Falun Gong than his subsequent testimony indicated, it is not our role to determine which possible inference is the most plausible.  *See Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) (under the substantial evidence standard, "support for a contrary inference," even if "more plausible or more natural," is not error).  Where, as here, the agency's inference "is tethered to the evidentiary record, we will accord deference to the finding."  *Id.* at 169.

Finally, error, if any, in the Board's one-sentence statement that the IJ had relied on the petitioner's demeanor in its adverse credibility determination is harmless given the Board's overwhelming reliance on Jiang's inconsistent statements.  *Jin Jin Long v. Holder*, 620 F.3d 162, 165 n.4 (2d Cir. 2010) (applying harmless error standard); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (noting that remand is futile when this Court "can 'confidently predict' that the agency would reach the same decision absent [any] errors that were made")

4

(quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, petitioner's motion for stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5